NORBIRD FISHERIES, INC., dba
Ptarmigan F/V, Plaintiff–
Appellant,

v.

The NATIONAL MARINE FISHERIES
SERVICE, Defendant–Appellee.

No. 95–36130.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 1996.

Decided April 25, 1997.

Thomas P. Sughrua, Mercer Island, Washington, for plaintiff-appellant.

Lois J. Schiffer, Assistant Attorney General; Samuel D. Rauch, III, John A. Bryson, and Ellen J. Durkee, United States Department of Justice, Washington, DC, for defendant-appellee.

Before: NOONAN, THOMPSON, and KLEINFELD, Circuit Judges.

NOONAN, Circuit Judge.

Norbird Fisheries, Inc. (Norbird), brought suit challenging the denial of a limited entry permit to the Pacific Coast Groundfish Fishery (Fishery) by the National Marine Fisheries Service (NMFS). The district court granted summary judgment to NMFS. Norbird appeals. Holding that Norbird's challenge to NMFS's regulations came too late so that jurisdiction to review was barred by 16 U.S.C. § 1855(f)(1) and that the application of the regulations was not arbitrary, we affirm the judgment of the district court.

## FACTS

*The Qualifying Vessel*

The relevant facts as they appear in the administrative record are these: The vessel that Norbird put forward as the qualifying vessel was named the Taasinge and prior to the fall of 1981 was owned by Allen Larsen and was used to drag for groundfish until it was substantially destroyed by fire. On September 22, 1981 George Moskovita bought the hull from Larsen and the insurance company which had paid the claim for the fire loss. Over the next five years Moskovita personally rebuilt seventy-five percent of the boat, preparing it for dragging and shrimping. On August 14, 1986 he sold it to John Cherrett. Cherrett completed the rebuilding, renamed the boat the Ptarmigan, and on July 21, 1987 began to use it for shrimping. On September 1, 1988 Cherrett sold it to Robert Allen, subject to a mortgage. Allen used the boat for shrimping for the next two months; thereafter Allen used it for dragging. In 1990 Cherrett repossessed the Ptarmigan from Allen, and it was sold at a U.S. Marshal's sale on July 19, 1990 to Dick Mattson, president of Norbird. On July 27, 1990 Mattson conveyed the boat to Norbird. For the rest of the shrimp season, until October 31, 1990, Norbird used the Ptarmigan for shrimping. In January, 1991, Norbird began to use the boat to drag for groundfish with trawl gear. Four months later, in April 1991, the Ptarmigan sank.

One might well conclude that the sinking of this unfortunate ship ended this case before it began. But Norbird salvaged some groundfish gear and machinery and placed it on its other vessel, the Capt. F.V. Nielsen (Nielsen). Prior to 1991 the Nielsen had not fished in the Fishery.

*The Limited Entry Program*

Under the Magnuson Fishery Conservation and Management Act of 1976 (Magnuson Act), 16 U.S.C. § 1801 *et seq.*, the Pacific Fishery Management Council (Council) manages all fisheries in the waters of the Pacific Ocean between 3 and 200 miles offshore of the states of California, Oregon and Washington. On August 4, 1988 the Council announced that it was considering a limited entry program for the Fishery and that eligibility to obtain a limited entry permit might be determined by a vessel's record of participation in the Fishery during the window period of July 11, 1984 to August 1, 1988. 53 Fed.Reg. 29,338 (August 4, 1988). The Secretary of Commerce approved of the limited entry program and issued proposed regulations on July 22, 1992. 57 Fed.Reg. 32,499–511 (July 22, 1992). The purpose of the cutoff date, the Secretary explained, was "to prevent further over-capitalization of the fishery by discouraging persons from entering the fishery only on the speculation that they might qualify for a valuable permit that could later be sold for a profit." *Id.* at 32,502. The program became effective on January 1, 1994. 50 C.F.R. § 663.30(b).

Participation in the limited entry program requires that the vessel have a limited entry permit with a gear endorsement for the trawl gear being used to fish. 50 C.F.R. § 663.33(a). To qualify for an entry permit with the "A" endorsement, the only unconditional, freely transferrable endorsement, a vessel must meet specified Minimum Landing Requirements (MLRs) of groundfish using specified gear during the window period of 1984–1988. 50 C.F.R. § 663.34. Hardship exceptions are available for vessels not qualifying under the general rules. The exception that Norbird urged as relevant was when "[c]onstruction or conversion criteria are not met due to delay(s) beyond the control of the

vessel owner." 50 C.F.R. § 663.38(b). No hardship exception is available when the vessel fails to meet the MLRs during the window period for economic reasons. 50 C.F.R. § 663.38.

## PROCEEDINGS

On June 23, 1993, almost a year after the Secretary of Commerce's approval of the program through the issuance of proposed regulations, Norbird applied for a limited entry permit for the Nielsen, which it put forward as the replacement of the Ptarmigan, alleged by it to be the qualifying vessel. The Chief of the Fisheries Management Division denied the application. Norbird appealed to the NMFS Regional Director and sought a hearing before the Council's Permit Review Board (Board). The Board, composed entirely of fishermen, recommended against granting a hardship exemption. The Regional Director, independently reviewing the record, concurred.

On June 17, 1994 Norbird brought this action in the district court. Norbird asserted in Count One that it qualified under the hardship exception; in Count Two that it had not received notice of the requirements of the regulations; and in Count Three that the regulations violated the Magnuson Act and that denial of the permit constituted "a taking of plaintiffs' livelihood and property without due process of law." On cross-motions for summary judgment, the district court held that the action of NMFS had not been arbitrary and that Norbird's challenge to the regulations was barred by the 30–day statute of limitations set by the Magnuson Act, 16 U.S.C. § 1855(f)(1) (formerly § 1855(b)(1)). The court entered judgment for NMFS. Norbird appeals.

## ANALYSIS

 *The Challenge To the Regulations.* Regulations promulgated by the Secretary under the Magnuson Act are "subject to judicial review" in accordance with the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, "if a petition for such review is filed within 30 days after the date on which the regulations are promulgated." 16 U.S.C. § 1855(f)(1). A separate section of the Mag-

nuson Act confers jurisdiction on the district court "over any case or controversy arising under the provisions of this chapter." 16 U.S.C. § 1861(d). This latter provision is to be read in conjunction with the provision governing judicial review of the regulations. That provision, § 1855(f)(1), deprives the district court of jurisdiction to hear an attack on the regulations if review is not sought within 30 days of their promulgation. *Kramer v. Mosbacher,* 878 F.2d 134, 136–37 (4th Cir. 1989). Consequently, it was too late for Norbird to raise its challenges to the regulations in the district court.

 *The Application of the Regulations.* We will reverse NMFS's denial of the permit only if it is arbitrary and capricious, an abuse of discretion, or otherwise not in accord with the law. *See Alliance Against IFQs v. Brown,* 84 F.3d 343, 345 (9th Cir.1996).

 The hardship exception to which Norbird appeals is construction or conversion delay "beyond the control of the vessel owner." 50 C.F.R. § 663.38. From 1981 to 1987 the successive owners of the Ptarmigan, Moskovita and Cherrett, were the persons who delayed rebuilding the boat. The delay was due to them, not factors beyond their control. The hardship exception was inappropriate.

AFFIRMED.