KAYATTA, Circuit Judge,
concurring.
I join in the panel’s opinion with the exception of its call on Congress to provide further clarification. The nicely reasoned conclusion that the petition is untimely means that we lack jurisdiction to consider the merits of the appeal. See Norbird Fisheries, Inc. v. Nat’l Marine Fisheries Serv., 112 F.3d 414, 416 (9th Cir. 1997). My colleagues nevertheless call on Congress to provide “further clarification” not concerning the matter of our jurisdiction, but rather concerning “the industry funding requirement” in light of the “competing goals” at stake. To the extent my colleagues imply that the statute is unclear, or that the “competing goals” at stake trigger some sort of express statement preference in these circumstances, I respectfully disagree. The default norm, manifest without express statement in literally hundreds of regulations, is that the government does not reimburse regulated entities for the cost of complying with *118 properly enacted regulations, at least short of a taking. If this statute needs clarification on this point, then so too do hundreds of others. Additionally, given that we have no jurisdiction to hear the merits of this appeal, nor any expertise on the policy trade-offs made by Congress in deciding how best to protect our fisheries from overfishing, and who should pay for that protection, I think it prudent to be more parsimonious with our advice. See Stephen Breyer, Active Liberty: Interpreting Our Democratic Constitution 5 (2005) (“The judge, compared to the legislator, lacks relevant expertise.”).